UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TAYLOR MAYES, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:18-CV-0002 NAB<br>) |
| DR. UNKNOWN AGUILERA, et al., | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Taylor Mayes (registration no.1252430), an inmate at Moberly Correctional Center ("MCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not yet provided the Court with an inmate account statement. However, in his motion to proceed in forma pauperis, plaintiff states that his only funds are made up of state tip money and money provided to him from home. Taking this into account the Court will assess plaintiff an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants in this action are: Dr. Unknown Aguilera; Dr. Ruanne Stamps (Medical Director at MCC); Laurel Davis (Nurse); T. Bredeman (Regional Medical Director); Bonnie Boley (Health Services Administrator); Lisa Pogue (Asst. Deputy Warden at MCC); and "Unknown Nurses" at MCC. Plaintiff asserts that he is suing defendants in both their individual and official capacities.

Plaintiff claims that in November of 2016 his great toe on his right foot got infected from an ingrown toenail. He asserts that the infected toenail caused him great pain, and in December of 2016, he was seen by a sick call nurse who prescribed betadine foot soaks for ten days. Plaintiff states that this treatment failed to provide him any relief, so he again attended a sick call at the end of December, where he was prescribed the foot soaks as well as oral antibiotics. Plaintiff states "this same treatment was prescribed by an unknown nurse or doctor until September 13, 2017. . .plaintiff continuously asked to see a podiatrist/surgeon to remedy the

- 3 -

infection by surgery...only to be denied." Plaintiff claims that in September of 2017, defendant Aguilera performed an operation on his toe to remove the toenail and infection, but the doctor failed to "properly remove all of the toenail that was ingrown or all of the infection." Plaintiff alleges that he was not provided medical relief from the surgery and he asked to be taken to a specialist for proper care in order to provide the "necessary surgery." Plaintiff claims he was denied the requested relief by Dr. Aguilera, and his grievance appeals were denied by the remaining defendants.[1]

Plaintiff seeks monetary relief as well as injunctive relief in this action.

## Discussion

The Court will issue process on plaintiff's individual capacity claims against defendant Dr. Unknown Aguilera for his assertion that Aguilera was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment with relation to the infection on his great toe on his right foot from November of 2016 through the present time period. Plaintiff's official capacity claims against Defendant Aguilera, however, will be dismissed.

Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to Dr. Aguilera's official capacity claims.

---

[1]Plaintiff claims in his complaint that defendant Dr. Stamps and Nurse Davis also were directly involved in his purported treatment and should be directly liable in this action, but he has failed to claim exactly what these defendants purportedly did or did not do in order to deny him a constitutional right.

The Court will also dismiss plaintiff's claims against the remaining defendants in this action. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff has not adequately alleged facts showing how each defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights. Rather, plaintiff has merely alleged that defendants were responsible for ruling against plaintiff on his grievance appeals. "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). As such, defendants Dr. Ruanne Stamps, Laurel Davis, T. Bredeman, Bonnie Boley, Lisa Pogue and "Unknown Nurses" at MCC are all subject to dismissal because, as to these defendants the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Dr. Unknown Aguilera in his individual capacity only. Dr. Unknown Aguilera shall be served through the Court's Waiver Agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Dr. Unknown Aguilera shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims against Defendant Dr. Unknown Aguilera because these claims are legally frivolous, or fail to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Dr. Ruanne Stamps, Laurel Davis, T. Bredeman, Bonnie Boley, Lisa Pogue and "Unknown Nurses" at MCC, because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 11th day of January, 2018.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE